**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VINH TAN NGUYEN, AKA Armando Gile Luat, AKA Van Duc Vo,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-71050<br><br>Agency No. A027-359-701<br><br>MEMORANDUM[*] |
| VINH TAN NGUYEN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-72974<br><br>Agency No. A027-359-701 |
| VINH TAN NGUYEN, AKA Van Duc Bo, AKA Armando Gile Luat,<br><br>Petitioner, | No. 10-73904<br><br>Agency No. A027-359-701 |

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 8, 2013
Pasadena, California

Before: PREGERSON, WARDLAW, and TALLMAN, Circuit Judges.

Vinh Tan Nguyen ("Nguyen") petitions for review of a Board of

Immigration Appeals ("BIA") decision dismissing his appeal from an Immigration

Judge's ("IJ") order of removal. Nguyen also petitions for review of a BIA

decision denying his motion to reopen, as well as a subsequent BIA decision

denying Nguyen's motion for reconsideration of that denial.

In this Memorandum disposition, we address Nguyen's claims that:

1.    He was denied due process when the Notice to Appear failed to allege

      that he was a lawful permanent resident;

2.    The IJ failed to inform him of various forms of immigration relief

      for which he was apparently eligible; and,

-2-

**3.** The BIA abused its discretion in denying Nguyen's motions to reopen and reconsider, which were based on an ineffective assistance of counsel claim.

We deny the petitions with respect to these claims. We address Nguyen's other claims in a published Opinion filed concurrently with this Memorandum disposition.

**1.** Nguyen was not denied due process when the Notice to Appear treated him as an alien seeking admission to the United States, rather than a returning lawful permanent resident. An alien who has been previously granted lawful permanent resident status is properly regarded as an alien seeking admission if he "has engaged in illegal activity after having departed the United States." 8 U.S.C. § 1101(a)(13)(C)(iii). The government had ample evidence that Nguyen engaged in illegal activity after departing the United States — indeed, Nguyen's own guilty plea confirmed as much. In light of this evidence, Nguyen was properly treated as an alien seeking admission to the United States; the government was under no

obligation to treat Nguyen as a returning lawful permanent resident. *See Gonzaga-Ortega v. Holder*, 736 F.3d 795, 801-04 (9th Cir. 2013).[1]

**2.** The IJ did not fail to inform Nguyen of any relief for which Nguyen was apparently eligible. *See* 8 C.F.R. § 1240.11(a)(2). Even if the IJ had failed to inform Nguyen of any relief for which Nguyen was apparently eligible, Nguyen would still be required to show that he was prejudiced by this failure. *See United States v. Rojas-Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013). Nguyen has made no such showing. On the contrary, the record shows that Nguyen was aware of all relevant forms of immigration relief, and that he deliberately chose not to pursue forms of relief that he could not reasonably hope to obtain.

**3.** The BIA did not abuse its discretion in denying Nguyen's motions to reopen and reconsider, which were based on an ineffective assistance of counsel claim. Nguyen's ineffective assistance of counsel claim was procedurally barred. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1023 (9th Cir. 2004); *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). Even if it were not procedurally barred, that

---

[1] Nguyen physically entered the United States pursuant to a grant of parole on December 14, 2006. When his parole expired on June 13, 2007, Nguyen was restored by operation of law to the status he held at the time he was granted parole — i.e., status as an alien seeking admission. *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e)(2)(i). Thus, Nguyen was properly regarded as an alien seeking admission when he was served with the Notice to Appear on December 21, 2007.

claim would fail on the merits. Nguyen has not shown that his former attorney's conduct fell "outside the wide range of reasonable representation." *Torres-Chavez v. Holder*, 567 F.3d 1096, 1101 (9th Cir. 2009). On the contrary, Nguyen's former attorney diligently pursued the only claim that offered Nguyen any hope of relief — Nguyen's application for deferral of removal under the Convention Against Torture.

We DENY IN PART the petition for review of the BIA's decision on the merits of Nguyen's removal order, No. 10-71050. We address the remainder of that petition in a published Opinion filed concurrently with this Memorandum disposition. We DENY the petitions for review of the BIA's denials of Nguyen's motions to reopen and reconsider, Nos. 10-72974 and 10-73904.

**Petition No. 10-71050 DENIED IN PART. Petition No. 10-72974 DENIED. Petition No. 10-73904 DENIED.**